O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH LEE BERRY, | ) | Case No. CV 11-7096-GAF (OP) |
| Petitioner, | ) | MEMORANDUM AND ORDER RE: |
| | ) | DISMISSAL OF PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS (28 |
| | ) | U.S.C. § 2254) AS SUCCESSIVE |
| | ) | |
| R. A. BARNES, | ) | |
| Respondent. | ) | |
| | ) | |

**I.**

**INTRODUCTION**

On July 9, 2011, Kenneth Lee Berry ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Eastern District of California.[1]  (ECF No. 1.)  On August 23, 2011, an order was signed

---

[1]  The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has used the signature date on the Petition as the constructive filing date

1    transferring the matter to the Central District of California.  (ECF No. 5.)  On

2    August 30, 2011, the transfer order was received in this District.  (ECF No. 6.)

3                                                **II.**

4                                    **PROCEDURAL HISTORY**

5            On March 31, 1998, Petitioner was convicted after a jury trial in the Los

6    Angeles County Superior Court, case number PA027446, of assault by means

7    likely to produce great bodily injury and unlawful taking of a motor vehicle.  The

8    jury also found true certain allegations relating to prior strike convictions and

9    prison terms.  Petitioner was sentenced to a total state prison term of fifty-five

10   years to life.  (Pet. at 2.)

11           Petitioner appealed to the California Court of Appeal, case number

12   B122476.  On August 5, 1999, the court of appeal affirmed the judgment.  (Pet.

13   at 3; Official Records of California Courts.[2])

14           Petitioner filed a petition for review in the California Supreme Court, case

15   number S081990.  On October 20, 1999, the supreme court denied the petition.

16   (Official Records of California Courts.)

17           On May 16, 2000, Petitioner filed a habeas corpus petition in the

18   California Court of Appeal, case number B141299.  On May 23, 2000, the court

19   of appeal denied the petition.  (Official Records of California Courts.)

20           On June 27, 2000, Petitioner filed a habeas corpus petition in the

21   California Supreme Court, case number S089452.  On September 27, 2000, the

22   supreme court denied the petition.  (Official Records of California Courts.)

23   ─────────────────────

24   since the signature date is the earliest date on which Petitioner could have turned

25   the Petition over to the prison authorities for mailing.

26           [2]  The Court takes judicial notice of the state appellate court records for

27   Petitioner's case, which are available on the Internet at http://appellatecases.
     courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial

28   notice of relevant state court records in federal habeas proceedings).

1         On October 26, 2000, Petitioner filed a habeas corpus petition in this

2    District, case number CV-00-11350-GAF (Mc), challenging the same conviction

3    that is the subject of the current Petition.  On October 18, 2001, Judgment was

4    entered denying the petition and dismissing the action with prejudice.  (Case No.

5    00-1350 ECF Nos. 1, 24.)  Petitioner's requests for the issuance of a certificate of

6    appealability were denied.  (Id. ECF Nos. 26, 32.)

7         On November 13, 2000, Petitioner filed a second habeas corpus petition in

8    the California Court of Appeal, case number B145651.  On December 6, 2000,

9    the court of appeal denied the petition.  (Official Records of California Courts.)

10        On January 25, 2001, Petitioner filed a second habeas corpus petition in

11   the California Supreme Court, case number S094739.  On May 23, 2001, the

12   supreme court denied the petition.  (Official Records of California Courts.)

13        On December 20, 2006, Petitioner filed a habeas corpus petition in the Los

14   Angeles County Superior Court, case number PA027466.  On September 23,

15   2008, the superior court denied the petition after holding an evidentiary hearing.

16   (Pet. Unnumbered Exs.)

17        On December 4, 2008, Petitioner filed a third habeas corpus petition in the

18   California Court of Appeal, case number B212482.  On December 16, 2008, the

19   court of appeal denied the petition.  (Official Records of California Courts.)

20        On February 9, 2009, Petitioner filed a fourth habeas corpus petition in the

21   California Court of Appeal, case number B213938.  On March 4, 2009, the court

22   of appeal denied the petition.  (Official Records of California Courts.)

23        On March 11, 2009, Petitioner filed a third habeas corpus petition in the

24   California Supreme Court, case number S171170.  On November 19, 2009, the

25   supreme court denied the petition.  (Official Records of California Courts.)

26        On September 1, 2009, Petitioner filed a fifth habeas corpus petition in the

27   California Court of Appeal, case number B218584.  On September 17, 2009, the

28

1  court of appeal denied the petition.  (Official Records of California Courts.)

2  On May 21, 2010, Petitioner filed a fourth habeas corpus petition in the

3  California Supreme Court, case number S182887.  On January 12, 2011, the

4  supreme court denied the petition.  (Official Records of California Courts.)

5  **III.**

6  **DISCUSSION**

7  **A.    Standard of Review.**

8  The current Petition was filed after the Antiterrorism and Effective Death

9  Penalty Act of 1996 ("AEDPA") was signed into law.  "A claim presented in a

10  second or successive habeas corpus application under section 2254 that was

11  presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1) (as

12  amended by the AEDPA); see also Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct.

13  2478, 150 L. Ed. 2d 632 (2001) (if prisoner asserts a claim he or she presented in

14  a previous habeas petition, section 2244(b)(1) requires that the claim be

15  dismissed in all cases).  A second habeas petition which raises new claims not

16  presented in the prior habeas petition shall be dismissed unless "(A) the applicant

17  shows that the claim relies on a new rule of constitutional law, made retroactive

18  to cases on collateral review by the Supreme Court, that was previously

19  unavailable; or (B)(i) the factual predicate for the claim could not have been

20  discovered previously through the exercise of due diligence; and (ii) the facts

21  underlying the claim, if proven and viewed in light of the evidence as a whole,

22  would be sufficient to establish by clear and convincing evidence that, but for

23  constitutional error, no reasonable factfinder would have found the applicant

24  guilty of the underlying offense."  28 U.S.C. § 2244(b)(2) (as amended).

25  However, "[b]efore a second or successive application permitted by this section

26  is filed in the district court, the applicant shall move in the appropriate court of

27  appeals for an order authorizing the district court to consider the application."

28

4

1   28 U.S.C. § 2244(b)(3)(A).

2       The requirement that a new rule be "made retroactive" is satisfied "only if

3   [the Supreme] Court has held that the new rule is retroactively applicable to cases

4   on collateral review."  Tyler, 533 U.S. at 661-65 (because Supreme Court has

5   never held expressly that rule of Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328,

6   112 L. Ed. 2d 339 (1990) (per curiam), must be applied retroactively on collateral

7   review under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334

8   (1989), requirements of exception contained in section 2244(b)(2) were not met).

9       A dismissal of a § 2254 petition for failure to comply with the one-year

10  statute of limitations constitutes an adjudication on the merits that renders future

11  petitions under § 2254 challenging the same conviction "second or successive"

12  petitions under § 2244(b).  Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005);

13  Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); see also In re Marino, 181

14  F.3d 1142, 1144 (9th Cir.1999) (explaining that "for res judicata purposes a

15  dismissal on statute of limitations grounds can be treated as a dismissal on the

16  merits.")

17  **B.     The Petition is Subject to Dismissal Because it is Second and**

18  **        Successive.**

19      It appears from the face of the Petition that Petitioner seeks to challenge

20  his conviction in the Los Angeles County Superior Court, case number

21  PA027446, for assault by means likely to produce great bodily injury and

22  unlawful taking of a motor vehicle for which Petitioner was sentenced to a total

23  state prison term of fifty-five years to life.  (Pet. at 2.)  This is the same

24  conviction Petitioner challenged in his previous § 2254 petition filed in this

25  District, case number CV-00-11350-GAF (Mc).  On October 18, 2001, Judgment

26  was entered denying the petition and dismissing the action with prejudice.  (Case

27  No. 00-1350 ECF Nos. 1, 24.)  Petitioner's requests for the issuance of a

28

1    certificate of appealability were also denied.  (Id. ECF Nos. 26, 32.)

2        Although not completely clear, it appears that the claims raised in the

3    current Petition relate to the alleged fabricated testimony presented at his trial.

4    Petitioner raised these claims in habeas petition filed in December 2006, for

5    which the superior court granted an evidentiary hearing in March 2008.

6    However, on September 23, 2008, the superior court denied the habeas petition.

7    (Pet. Unnumbered Exs.)  These claims are different from those raised in the prior

8    § 2254 petition.  Nevertheless, Petitioner has not established that the new claims

9    rely on a new rule of constitutional law, made retroactive to cases on collateral

10   review by the Supreme Court, that was previously unavailable.  He has also

11   failed to establish that the factual predicate for the new claims could not have

12   been discovered previously through the exercise of due diligence and that the

13   facts underlying the claims if proven would be sufficient to establish by clear and

14   convincing evidence that, but for constitutional error, no reasonable factfinder

15   would have found him guilty of the underlying offenses.  28 U.S.C. § 2244(b)(2).

16   As a result, he was required pursuant to 28 U.S.C. § 2244(b)(3) (A) to secure an

17   order from the Ninth Circuit authorizing the District Court to consider the current

18   Petition prior to filing it in this Court.  There is no evidence that Petitioner has

19   done so.  Thus, the current Petition is subject to dismissal for lack of subject

20   matter jurisdiction.  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)

21   ("The district court correctly recognized that Cooper's petition was 'second or

22   successive' under Section 2244(b).  Once it did so, however, it lacked

23   jurisdiction to consider the merits of his petition.")

24       Based on the foregoing, the Court finds that the current Petition must be

25   dismissed without prejudice to Petitioner's right to seek the necessary

26   authorization from the Ninth Circuit to file a "second or successive" petition.

27   / / /

28

6

1

**IV.**

2

**ORDER**

3

     IT IS THEREFORE ORDERED that the Petition is hereby dismissed

4

without prejudice as successive, and Judgment shall be entered accordingly.

5

6

DATED: November 1, 2011

7

HONORABLE GARY A. FEESS
United States District Judge

8

9

Presented by:

10

11

12

HONORABLE OSWALD PARADA
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28